HENRY BRAY et al., Appellees, v. PATRICK SMITH, Appellant.

Mechanics' Liens: AUTHORITY FOR WORK DONE: OWNERSHIP OF LAND. Under a contract made with the son of the defendant, the plaintiffs made a well upon land in the defendant's possession, and in which he had some valuable interest, though he was not the absolute owner of it. He testified that his son had full control of the farm and everything connected with it, and that he left everything to the son's judgment. The defendant was present when the plaintiffs were at work, and stated, in substance, that he did not approve of the well being made, as there were already three wells on the place, but he in no unmistakable way indicated that he would not be bound for the expense of the improvement. On the other hand, when the first site selected for the well had been abandoned, he aided in the selection of another. *Held*, that the defendant was bound by the son's contract, and that he could not object to a decree which established a mechanic's lien for the price of the well against his interest in the land.

*Appeal from Buchanan District Court.*—HON. D. J. LENEHAN, Judge.

FRIDAY, JANUARY 27, 1893.

ACTION to foreclose a mechanic's lien. From a decree for the plaintiffs, the defendant appeals.—*Affirmed.*

*Woodard & Cook*, for appellant.

*C. E. Ransier*, for appellees.

GRANGER, J.—The improvement for which the judgment and lien are sought is a well made by the plaintiffs, and the following findings of the district

court will indicate the facts about which there is contention: "The evidence satisfactorily establishes that the plaintiffs, under a contract with the defendant's son, who was engaged in working the defendant's farm, together with the land in question, constructed a well upon the north half of the north half of the southeast quarter of section 11, in township 87, range 7. The defendant was present whilst the work was being done, and did not protest against it in such manner as would relieve him of any liability which might arise by reason of the improvement if made upon his own individual land. There can be no doubt that, in what the son did, he acted as the representative of his father in making a permanent addition to the farm, in which he, at least, had no present interest. It appears that the fee to the forty acres upon which the well was constructed was in another son. The father has been in possession of it for more than thirty years, whether as lessee or tenant, does not appear. It is certain, however, that he has some valuable right in the use of the products of the land, which may be discovered or perfected hereafter, or which may never be ripened into any kind of title in the land itself."

We are in accord with the finding that the son, in making the contract for the well, was the representative of his father. The work was done in Buchanan county, and when the contract was made, and the work commenced, the defendant was away from home; his residence being on the land with his son Philip, who made the contract. When he came home, he saw the men at work, and we attach much importance to what he then said and did; for he then knew that improvements were being made on the land for which, if authorized by him, he would be liable. In his testimony he says: "Philip has full control of the farm, and everything connected with it. He works the farm. I live with him, and leave everything to his judgment

on the farm." He states, in effect, that he disapproved of the well being made, by saying that there were three wells then, and that, if they wanted more water, they could go to the creek for it. This complaint indicates that the sinking of the well in some way affected his interest, but his objections went no further. The well first started was abandoned, and the defendant aided in the selection of another place, and advised the sinking of a well on the other side of the house. The most that can well be said as to the complaint made by the defendant is that he did not approve of Philip's judgment, or the policy of his course; but there is nothing to show but that in this, as in other matters, it was left to Philip's judgment. With Philip's authority as he concedes it, if he did not expect to be bound for the expense of such an improvement, he should have indicated it, in some unmistakable way, when he saw the work being done. Some conflicting statements in the evidence as to the contract being made upon the personal responsibility of Philip are clearly overborne by these considerations.

A claim that the contract was not performed according to its terms, as to the time and manner of doing the work, is not sustained by the evidence.

It is said that it appears that the defendant is not the owner of the land, but that a son Peter Smith is the owner. The defendant is in possession, and the decree establishes the lien only against his interest. As to Peter Smith the defendant has no grounds of complaint.

The judgment is AFFIRMED.